IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL P. OSWALD,

                    Plaintiff,                                        ORDER

          v.
                                                              15-cv-291-wmc
WILLIAM POLLARD, *et al.*,

                    Defendants.

Pro se plaintiff Daniel P. Oswald is proceeding on claims that several employees at Waupun Correctional Institution violated his rights under the constitution, federal statute and state law. This case is currently in the discovery phase, and defendants recently filed a motion to dismiss some of Oswald's claims on the ground that he failed to exhaust his administrative remedies. Other dispositive motions are due March 2, 2018, and trial is scheduled for September 10, 2018. Oswald previously filed a motion for assistance recruiting counsel that was denied as premature prior to his complaint being screened. He has now renewed his motion (dkt. 29), stating that he needs counsel because: (1) he cannot afford counsel; (2) his imprisonment will limit his ability to investigate his claims and obtain video footage he needs; (3) he suffers from mental health issues; and (4) he will likely need an expert to prove his claims. Oswald has shown that he has made reasonable efforts to find a lawyer on his own but has been unsuccessful.

I am denying Oswald's motion for assistance in recruiting counsel at this time. Oswald's various communications with the court have demonstrated his understanding of the relevant legal and factual issues involved in his case. Although his case involves many claims and defendants, his filings are clear, coherent and on point, particularly in comparison to those submitted by many pro se litigants. Thus far, I have no concerns that Oswald's mental health issues are significantly affecting his ability to litigate this case.

I understand Oswald's concern about obtaining discovery or in finding an expert to testify on his behalf. Both of these tasks are particularly challenging for pro se litigants. That being said, it is too early to determine whether Oswald will have difficulty obtaining the discovery he needs from defendants. Additionally, if Oswald does have difficult obtaining documents or video footage he needs, he can -- and should -- contact the court for assistance.

As for obtaining an expert, it may be that Oswald's claims will require expert analysis. But it is too early to make that determination at this point. The court will have a better sense of the disputed issues and evidentiary requirements at the summary judgment stage. If the court believes that counsel or an expert is necessary at that stage, it will consider *sua sponte* whether to recruit either. In sum, I am not persuaded that the legal or factual difficulty of this case exceeds Oswald's ability to litigate it, at least at this stage. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). For these reasons, I am denying Oswald's request for counsel without prejudice.

## ORDER

IT IS ORDERED that plaintiff Daniel P. Oswald's motion for assistance in recruiting counsel (dkt. 29) is DENIED without prejudice. His request for a ruling on his motion for counsel (dkt. 42) is DENIED as moot.

Entered this 1st day of September, 2017.

BY THE COURT:
/s/

STEPHEN L. CROCKER
Magistrate Judge